

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

OSCAR VANN COBB,

      Plaintiff,

      v.

                               CIVIL ACTION NO.: 2:15CV161

CAROLYN W. COLVIN,
Acting Commissioner of the Social
Security Administration

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's objections to the Magistrate Judge's Report and Recommendation on OSCAR VANN COBB's ("Plaintiff") action for judicial review on the final decision of the Acting Commissioner of the Social Security Administration ("Defendant") denying Plaintiff's claim for child's insurance benefits. For the reasons set forth below, the Magistrate Judge's Report and Recommendation ("R & R") is **ADOPTED**. Defendant's Motion for Summary Judgement is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED**. ECF Nos. 13, 11. The final decision of the Commissioner is hereby **AFFIRMED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On September 28, 2011, Plaintiff filed an application for child's insurance benefits based on his deceased father's earnings. Plaintiff alleges that he has been disabled due to sickle cell anemia and other conditions since March 1, 1975, prior to his twenty-second birthday on September 15, 1987. R. at 12, 87. On December 22, 2011, the Commissioner denied Plaintiff's application initially, R. at 78-84, 87, and upon reconsideration on December 9, 2012, R. at 88-95, 97. Plaintiff sought an administrative hearing before a Social Security Administrative Law

Judge ("ALJ"). During the first hearing on February 13, 2013, Plaintiff was unrepresented and the hearing was continued to allow Plaintiff to obtain counsel and medical records from the 1970s and 1980s. R. at 28-38. Following the second hearing on September 23, 2013, at which Plaintiff was represented by counsel, the ALJ denied Plaintiff's claim for child's insurance benefits, concluding that Plaintiff failed to meet his burden to prove he had a disability prior to the age of twenty-two. R. at 12-19, 41-60. On May 6, 2015, the Appeals Council denied Plaintiff's request to review the ALJ's decision. R. at 1. Thus, the ALJ's decision became the final decision of the Commissioner.

Having exhausted all administrative remedies within the Social Security Administration, Plaintiff filed a complaint with the Court seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). On June 23, 2015, the Court entered an order pursuant to 28 U.S.C. § 636(b)(1)(B) directing United States Magistrate Judge Tommy E. Miller to conduct hearings, including evidentiary hearings, and to submit to the Court a report containing proposed findings of facts and recommendations. ECF No. 9. Magistrate Judge Miller ordered the parties to file Motions for Summary Judgment and their respective memoranda. ECF No. 10. On March 3, 2016, Magistrate Judge Miller filed his Report and Recommendation ("R & R") with the Court. ECF No. 16. In accordance with 28 U.S.C. § 636(b)(1), the parties were given fourteen (14) days from the date of the R & R to object to its contents with the Court. On March 15, 2016 Plaintiff filed an objection to the R & R to which Defendant responded on March 25, 2016. ECF Nos. 17, 18. This matter is now ripe for judicial determination.

## II. LEGAL STANDARD

When a party timely objects to the findings and recommendations of a magistrate judge, a district judge "must determine de novo any part of the magistrate judge's disposition that has

been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985) ("[A]ny individual findings of fact or recommendations for disposition by him, if objected to, are subject to final *de novo* determination . . . by a district judge . . . ."). Under *de novo* review, the Magistrate Judge's Report and Recommendation ("R & R") carries no presumptive weight, and the district court may accept, reject, or modify the report, in whole or in part, or may recommit the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3); *Halloway v. Bahsara*, 176 F.R.D. 207, 209-10 (E.D. Va. 1997). When conducting this *de novo* determination, a district court judge must give "fresh consideration" to the relevant portions of the magistrate judge's R & R. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

A court reviewing a decision made under the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* (alteration in original) (citation omitted) (first quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971), then quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In reviewing for substantial evidence, the Court does not reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *See Richardson*, 402 U.S. at 390.

### III. DISCUSSION

Plaintiff objects to the Magistrate Judge's finding that substantial evidence supported the Administrative Law Judge's ("ALJ") conclusion that Plaintiff had not been disabled under the

Social Security Act prior to the age of twenty-two. ECF No. 17. Specifically, Plaintiff argues

that the Magistrate Judge and the ALJ failed to analyze the documents provided by Dr.

Cassandra Jones, Dr. Rudy Kokich, and Dr. Vincent Lee that state Plaintiff was diagnosed with

sickle cell anemia and has been impaired by it since birth. *Id.* at 2. Plaintiff claims that because

the Magistrate Judge and the ALJ did not include references to specific quotes from those

doctors that their respective recommendation and decision did not include a detailed analysis of

the medical record. *Id.* Additionally, Plaintiff argues that the ALJ failed to scrutinize whether

the doctors' statements referred to the period before Plaintiff's twenty-second birthday. *Id.* For

those reasons, Plaintiff moves to have the final decision of the Commissioner reversed, or, in the

alternative, remanded for further proceedings with the ALJ. *Id.* at 3. This Court has carefully

and independently reviewed the record in this case and the Plaintiff's objections to the

Magistrate Judge's Report and Recommendation. Having done so, the Court finds that there are

no meritorious reasons to sustain the Plaintiff's objections.

To determine whether the claimant suffers from a disability, the ALJ must make a series

of sequential fact determinations to establish whether a claimant is eligible for disability benefits.

*See* 20 C.F.R. § 404.1520. As the regulations require, the ALJ must carefully consider whether

the disability claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment;

(3) has an impairment that equals a condition contained within the Social Security

Administration's official listing of impairments; (4) has an impairment that prevents him from

past relevant work; and (5) has an impairment that prevents him from any substantial gainful

employment. *Id.* § 404.1520(a)(4). The claimant bears the burden of proof on steps one through

four. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). However, should the analysis reach step

five, the burden shifts to the Commissioner. *Id.*

4

Here, the ALJ ended the analysis at step two of the inquiry finding that Plaintiff did not establish a severe impairment prior to reaching age twenty-two. R. at 16-19. The ALJ must consider the objective medical facts; the diagnoses and expert medical opinions of treating and examining physicians; the claimant's subjective evidence of pain and disability; and the claimant's background, work history, and present age. *Hayes v. Gardner*, 376 F.2d 517, 520 (4th Cir. 1967). When evaluating medical opinions, the ALJ must consider "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005); *see also* 20 C.F.R. § 404.1527. The opinion of a treating physician will be given controlling weight only when it is supported by clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence. *Craig*, 76 F.3d at 590 (quoting 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2)).

Plaintiff's objections challenge that the ALJ inappropriately weighed and inadequately explained the medical opinions in the record. ECF No. 17. Plaintiff claims that the ALJ did not properly analyze the medical opinions of Dr. Jones, Dr. Kokich, and Dr. Lee, and did not include those opinions in making the determination that Plaintiff was not disabled prior to turning twenty-two. ECF No. 17, at 2-3. However, while the ALJ did not include quotations of these various opinions, the ALJ explained his conclusions and why he weighed the opinions differently. Even though these physicians were adult treating physicians of Plaintiff, they were not treating physicians of Plaintiff during the relevant time period. R. at 18; *see also Russell v. Comm'r of Soc. Sec.*, 440 Fed. Appx. 163, 164 (4th Cir. 2011) (holding ALJ did not err when discounting the weight of the treating physician's opinion when the physician had not seen

patient for six months prior to disability assessment). Furthermore, as the ALJ indicates, there was no corroborating evidence on the record of objective medical evidence or clinical and laboratory techniques to support those opinions. *Id.* As such, the ALJ appropriately did not award those opinions with controlling weight. More importantly, the ALJ did consider these opinions in finding that Plaintiff established a medically determinable impairment of sickle cell anemia. *Id.* Rather than follow the state agency consultants' opinion that Plaintiff failed to establish any impairment prior to age twenty-two, the ALJ, relied on a report from 1982 and the congenital nature of the disease explained in the opinions of Dr. Jones, Dr. Kokich, and Dr. Lee to determine Plaintiff was impaired by sickle cell anemia. *Id.* at 17.

The ALJ does not dispute Plaintiff's diagnosis of sickle cell anemia. He recognizes that Plaintiff suffers from the impairment and has since birth. The ALJ questions the severity of the impairment, not its existence. *Id.* at 17-18. While the opinion evidence on which Plaintiff relies establishes presence of an impairment, the presence of the impairment alone does not indicate presence of a disability under the Social Security Act, which requires "inability to engage in any substantial gainful activity by reason of any medically determinable . . . impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1); *see Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (holding that ailments and disorders do not qualify for disability without a "showing of related functional loss"). Plaintiff offers no objective evidence to support the opinions of Dr. Jones, Dr. Kokich, and Dr. Lee, that Plaintiff suffered severe and frequent sickle cell crises during the time period in question. The ALJ explained he "essentially has only a diagnosis to consider." R. at 17. The only medical evidence probative to the issue of the severity of Plaintiff's sickle cell anemia within the relevant time period prior to September 14,

1987, is an examination from 1982 that cleared Plaintiff for participation in the Special

Olympics. *Id.* at 17-18. While that report contained a diagnosis of sickle cell anemia, it only

recognized minimal cardiomegaly and cleared Plaintiff for the Special Olympics. *Id.* Due to the

lack of objective evidence and opinion evidence for the time in question, the ALJ had substantial

evidence sufficient for a reasonable mind to accept as adequate the conclusion that Plaintiff was

not disabled prior to the age of twenty-two.

## IV. CONCLUSION

This Court has carefully and independently reviewed the record in this case and the

objections to the Magistrate Judge's Report and Recommendation ("R & R"). Having done so,

the Court finds that there is no meritorious reason to sustain Plaintiff's objections. After careful

review of the Magistrate Judge's R & R, the Court does hereby **ACCEPT** and **ADOPT** the

findings and recommendations set forth in the report of the United States Magistrate Judge filed

March 15, 2016. The Plaintiff's Motion for Summary Judgment is **DENIED**. Defendant's

Motion for Summary Judgment is **GRANTED**. The Final Decision of the Commissioner is

**AFFIRMED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
August 8 , 2016

Raymond A. Jackson
United States District Judge

7